# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 21-BK -10199-NWW |
| | ) | |
| JANIS DIANE PIERCE, | ) | |
| | ) | CHAPTER 7 Proceeding |
| Debtor. | ) | |
| | ) | |
| | ) | Adversary Proceeding No. 21-AP-01013-NWW |
| DOUGLAS R. JOHNSON, | ) | |
| Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| QUICKEN LOANS, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT QUICKEN LOANS, LLC's ANSWER AND DEFENSES

**COMES NOW** Quicken Loans, LLC ("Quicken"), through undersigned counsel, and hereby files this Answer to the Complaint, respectfully showing the Honorable Court as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action against Quicken upon which relief may be granted.

### SECOND DEFENSE

Quicken conducted itself in good faith, with due diligence and in a manner that was reasonable and appropriate under the circumstances.

### THIRD DEFENSE

The transaction which is the subject of this avoidance action occurred in the "ordinary course of business".

### FOURTH DEFENSE

The Trustee had constructive notice of Quicken's security interest in the subject property.

### FIFTH DEFENSE

Quicken's security interest in the subject property is further protected by the doctrine of equitable subrogation.

### SIXTH DEFENSE

Quicken expressly reserves its respective right(s) to amend this Answer and/or to delete or assert additional affirmative defenses if facts come to light in this matter so as to warrant the assertion of additional defenses.

### SEVENTH DEFENSE

Quicken denies each and every allegation contained in the Complaint, whether express or implied, that is not expressly and unequivocally admitted in this Answer.

### EIGHTH DEFENSE

Subject to and without waiving any of their other respective rights, defenses or objections, Quicken, by and through its undersigned counsel, further responds to the specific averments and allegations contained in the individual and enumerated paragraphs of Plaintiff's Complaint separately and as follows:

1.

Quicken states that the underlying Bankruptcy petition speaks for itself and denies as stated the averments in Paragraph 1 of the complaint. By way of further response, Quicken states that the underlying Bankruptcy petition was filed on January 29, 2021.

2.

Quicken admits that Plaintiff is designated as the Chapter 7 trustee within the underlying Bankruptcy Petition. Quicken otherwise denies as stated the averments in this Paragraph.

3.

Quicken admits to the averments in Paragraph 3 of the complaint.

4.

Quicken admits that it conducts business in Tennessee.

5.

Quicken denies the averments in Paragraph 5 as stated.

6.

Quicken denies that jurisdiction is proper as to the instant action.[1]

7.

Quicken denies that venue is proper herein.[1]

8.

Quicken admits the averments in Paragraph 8 of the complaint.

---

[1] Quicken, contemporaneous to the instant filing, has filed a motion to dismiss on the basis of improper venue, and thus jurisdiction, within the underlying Bankruptcy petition and does not waive any argument as to venue or jurisdiction by the filing of this Answer.

9.

Quicken admits the averments in Paragraph 9 of the complaint. By way of further response, upon information and belief, the applicable deed of conveyance is recorded at Deed Book 1983, Page 62, Catoosa County, Georgia records.

10.

Quicken denies as stated the allegations contained in Paragraph 10 of the Complaint.

11.

Quicken denies as stated the allegations contained in Paragraph 11 of the Complaint. By way of further response, the Pierces executed a note and security deed on August 15, 2020, in the amount of $256,895.00, as secured by the Property.

12.

Quicken denies as stated the allegations contained in Paragraph 12 of the Complaint.

13.

Quicken denies as stated the allegations contained in Paragraph 13 of the Complaint. By way of further response, Quicken states that the document attached as exhibit 1 is a true and correct copy of a note executed by the Pierces.

14.

Quicken denies as stated the allegations contained in Paragraph 14 of the Complaint.

15.

Quicken denies as stated the allegations contained in Paragraph 15 of the Complaint.

16.

Quicken denies as stated the allegations contained in Paragraph 16 of the Complaint.

17.

Quicken denies as stated the allegations contained in Paragraph 17 of the Complaint.

18.

Quicken denies as stated the allegations contained in Paragraph 18 of the Complaint.

## COUNT I
## AVOIDANCE OF A PREFERENTIAL TRANSFER UNDER 11 U.S.C. §547

12. [sic]

Quicken incorporates by reference its responses to the foregoing Paragraphs as if fully set forth herein.

13. [sic]

Quicken denies as stated the allegations contained in Paragraph 13 [sic] of the Complaint.

14. [sic]

Quicken denies as stated the allegations contained in Paragraph 14 [sic] of the Complaint.

15. [sic]

Quicken denies as stated the allegations contained in Paragraph 15 [sic] of the Complaint.

16. [sic]

United denies as stated the allegations contained in Paragraph 16 [sic] of the Complaint.

17. [sic]

The averments within Paragraph 17 [sic] are a legal conclusion to which no response is required.  Quicken otherwise denies as stated the allegations contained in Paragraph 17 [sic] of the Complaint.

18. [sic]

Quicken denies as stated the allegations contained in Paragraph 18 [sic] of the Complaint.

19. [sic]

Quicken admits that it was a creditor of Ms. Pierce on November 17, 2020.  Quicken otherwise denies the allegations contained in Paragraph 19 [sic] of the Complaint.

20. [sic]

Quicken denies as stated the allegations contained in Paragraph 20 [sic] of the Complaint.

21. [sic]

Quicken is without information to admit or deny the averments in Paragraph 21 [sic] of the Complaint; as such, the averments in Paragraph 21 [sic] of the Complaint stand as denied.

22. [sic]

Quicken denies the allegations contained in Paragraph 22 [sic] of the Complaint.

23. [sic]

Quicken denies as stated the allegations contained in Paragraph 23 [sic] of the Complaint.

24. [sic]

Quicken denies the allegations contained in Paragraph 24 [sic] of the Complaint.

25. [sic]

Quicken denies the allegations contained in Paragraph 25 [sic] of the Complaint.

26. [sic]

Quicken denies the allegations contained in Paragraph 26 [sic] of the Complaint.

## COUNT II
### RECOVERY OF MS. PIERCE'S INTEREST IN THE PIERCE PROPERTY UNDER 11 U.S.C. §550(a)

27. [sic]

Quicken incorporates by reference its responses to the foregoing Paragraphs as if fully set forth herein.

28. [sic]

Quicken denies the allegations contained in Paragraph 28 [sic] of the Complaint.

29. [sic]

Quicken denies the allegations contained in Paragraph 29 [sic] of the Complaint.

30. [sic]

Quicken denies the allegations contained in Paragraph 30 [sic] of the Complaint.  By way of further answer, Quicken denies that the Plaintiff can avoid the transfer at issue in this case.

31. [sic]

Quicken denies the allegations contained in Paragraph 31 [sic] of the Complaint.

32. [sic]

Quicken denies each and every allegation not specifically admitted herein.

WHEREFORE, having fully answered the Complaint, Defendant Quicken Loans, LLC prays that this Court enter an order in favor of Quicken, that its security deed is not vacated and is a valid secured debt of the Debtor, and that Quicken have such other and further relief as is just and proper.

This 28th day of April, 2021.

Respectfully submitted,

THE GILROY FIRM

/s/ Monica K. Gilroy
MONICA K. GILROY
Georgia Bar No. 427520
Admitted *pro hac vice*
*Attorney for Quicken Loans, LLC*
1145 Hightower Trail
Atlanta, Georgia 30350
(678) 280-1922
Monica.Gilroy@gilroyfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2021, a copy of the Answer was served on those listed below as indicated:

Via electronic case noticing:

Elisabeth B Donnovin – Counsel for Trustee – ECF
Johnson & Mulroony, P.C.
428 McCallie Avenue
Chattanooga, TN 37402

Douglas R. Johnson, Trustee  – ECF

Bankruptcy Court – ECF

/s/ Monica K. Gilroy_____
Monica K. Gilroy
Georgia Bar No. 427520
Admitted *pro hac vice*

The Gilroy Firm
*Attorney for Quicken Loans, LLC*
1145 Hightower Trail
Atlanta, Georgia 30350
(678) 280-1922
Monica.Gilroy@gilroyfirm.com